IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| REGINALD LYNN HARRIS, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-464-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Reginald Lynn Harris, TDCJ # 1057203, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

Harris is serving a 99-year sentence on his 2001 conviction for engaging in organized

criminal activity in case no. 0770646D in the Criminal District Court Number One of Tarrant County, Texas. (State Habeas R. at 100.) On May 1, 2003, the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on October 8, 2003, the Texas Court of Criminal Appeals refused Harris's petition for discretionary review. *Harris v. Texas*, No. 02-01-348-CR, slip op. (Tex. App.–Fort Worth May , 2003) (op. on PDR) (not designated for publication); *Harris v. Texas*, PDR No. 1108-03. Harris did not seek writ of certiorari. (Federal Petition at 3.)

On January 6, 2005, Harris filed an application for writ of habeas corpus in state court raising one or more of the issues presented herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on March 21, 2007. *Ex parte Harris*, Application No. WR-64,921-01, at cover. Harris asserts that he filed a motion for reconsideration of the state court's denial that remains pending. (Pet'r Reply at 2.) Harris filed this federal petition for writ of habeas corpus in the Dallas Division on July 30, 2007, and the action was subsequently transferred to this division.[1] As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Harris has filed a reply.

D. ISSUES

Harris raises six grounds alleging ineffective assistance of counsel. (Federal Petition at 7-7f.)

E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

---

[1]Typically, a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Harris's conviction became final and the one-year limitations period began to run upon expiration of the time that Harris had for seeking certiorari in the United States Supreme Court on January 6, 2004, and closed on January 6, 2005, absent any applicable tolling. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1.

Counsel for Harris filed his state application for habeas relief on January 6, 2005, the last day

3

of the limitations period. (State Habeas R. at 2.) Harris is entitled to statutory tolling under § 2244(d)(2) during the pendency of the state habeas proceedings. State relief was denied on March 21, 2007; thus, Harris's federal petition was due on March 22, 2007. Harris argues that he is entitled to additional tolling under the statutory provision from the date the Texas Court of Criminal Appeals denied relief because the state court has failed to adjudicate his motion for reconsideration. He asserts that he has attempted to determine the status of the motion to no avail, and, as such, he has filed this federal petition. (Pet'r Reply at 2.) The Texas Rules of Appellate Procedure expressly prohibit the filing of motions for rehearing in habeas cases. *See* TEX. R. APP. P. 79.2(d). Nevertheless, the Texas Court of Criminal Appeals may on its own initiative reconsider a case. *Id.* Under these circumstances, the Fifth Circuit has held that a properly filed motion for rehearing or reconsideration in a state habeas case tolls the running of the federal limitations period from the date the state habeas application was denied to the date the letter denying the motion is issued by the Texas Court of Criminal Appeals. *See Lookingbill v. Cockrell*, 293 F.3d 256, 260-61 (5th Cir. 2001); *Emerson v. Johnson*, 243 F.3d 931, 932 (5th Cir. 2001). Harris's case is distinguishable, however, because Harris's alleged motion for reconsideration was apparently neither accepted by Texas Court of Criminal Appeals as a properly filed motion for reconsideration nor docketed for consideration. Instead, the Texas Court of Criminal Appeals's case information reflects that Harris's state application was denied on March 21, 2007, and the case stored. (See state court's case information *available at* [http://www.cca.courts.state.tx](http://www.cca.courts.state.tx).) The case information does not reflect that a motion for reconsideration was received by the court, and Harris has not provided a file-stamped copy of his motion for reconsideration. On this record, it cannot be concluded that Harris properly filed a motion for reconsideration in the state court that would entitle him to additional tolling under §

2244(d)(2).

Nor has Harris demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is warranted principally when the petitioner is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In order for equitable tolling to apply, the petitioner must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Harris claims that his pro bono counsel filed his state habeas application at the brink of the federal limitations period, which left him facing extraordinary circumstances. (Pet'r Reply at 2.) However, he fails to indicate the date pro bono counsel was obtained or why counsel waited so long to seek habeas relief in the state courts. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). On this record, it is impossible to determine Harris's own self-imposed delays or any delay that may be attributable to pro bono counsel. A garden variety case of excusable neglect does not justify equitable tolling. *See Coleman*, 184 F.3d at 402. Harris has not alleged that he was actively misled about the filing of his federal habeas petition nor has he asserted extraordinary circumstances that prevented him from complying with the federal limitations period. *See United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000). Harris waited a year before filing his state habeas application and had only one day remaining before the federal limitations period expired yet he waited over four months after his state application was denied to file his federal petition. His delay in filing his state application and his federal petition

mitigates against equitable tolling. *See Nelms v. Johnson*, 51 Fed. Appx. 482, 2002 WL 31319277, at *1 (5th Cir. 2002) (not reported in the Federal Reporter).

Harris's federal petition was due on or before March 22, 2007. His petition, filed on July 30, 2007, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Harris's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 23, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 23, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 1, 2007.

    /s/  Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE