IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

REGINALD LYNN HARRIS, §
 §
      Petitioner, §
 §
VS. § NO. 4:07-CV-464-A
 §
NATHANIEL QUARTERMAN, §
DIRECTOR, TEXAS DEPARTMENT §
OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS §
DIVISION, §
 §
      Respondent. §

O R D E R

    Came on for consideration the above-captioned action wherein Reginald Lynn Harris is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On November 1, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that Harris file objections, if any thereto, by November 23, 2007. Harris timely filed his objections.

    In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or

conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that Harris's petition be dismissed with prejudice as time barred. Harris filed his petition on August 2, 2007. In order for his petition to have been timely, he would have had to have filed it by March 22, 2007.[1] In his objections, Harris argues that he is entitled to further tolling of the limitations period for two reasons: (1) in filing his state habeas application, his pro bono counsel neglected to consider the limitations period applicable to federal habeas relief and (2) he filed a motion for reconsideration of the denial of state habeas relief with the Texas Court of Criminal Appeals.

A habeas petitioner is entitled to equitable tolling of the limitations period only when the petitioner diligently pursues § 2254 relief. <u>Melancon v. Kaylo</u>, 259 F.3d 401, 408 (5th Cir. 2001). The petitioner bears the burden of establishing that he or she is entitled to equitable tolling. <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir. 2000). "A garden variety claim of excusable neglect does not support equitable tolling." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999) (quotation and citation omitted). Harris argues that the limitations period

---

[1] The one-year limitations period for Harris's federal habeas petition, described in 28 U.S.C. § 2244(d), would have expired on January 6, 2005, but Harris filed a state habeas application on January 6, 2005. The one-year limitations period was tolled during the pendency of Harris's state habeas proceeding. <u>See id.</u> § 2244(d)(2). State relief was denied on March 21, 2007, so Harris's federal petition was due March 22, 2007.

2

applicable to the instant petition should be tolled because his pro bono counsel did not file his state application until the last day of the such period. However, Harris has not met the burden of establishing he is entitled to equitable tolling because he has not adduced anything to show he diligently pursued his § 2254 relief. See Melancon v. Kaylo, 259 F.3d at 408; Phillips, 216 F.3d at 511.

Henderson further argues that he submitted a motion for reconsideration to the Texas Court of Criminal Appeals. Considering this argument, the Magistrate Judge noted that:

> The case information does not reflect that a motion for reconsideration was received by the [state] court, and Harris has not provided a file-stamped copy of his motion for reconsideration. On this record, it cannot be concluded that Harris properly filed a motion for reconsideration in the state court that would entitle him to additional tolling under § 2244(d)(2).

FC&R at 4. In his objections, Harris presents no additional evidence that he actually filed a motion for reconsideration. Harris's bald assertion regarding the alleged motion for reconsideration are not probative of evidentiary value because they are unsupported and unsupportable by anything else contained in the record. See Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Therefore,

The court accepts the findings, conclusions, and recommendation of the Magistrate Judge and ORDERS that the petition of Reginald Lynn Harris for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed.

SIGNED December 4, 2007.

_____
JOHN McBRYDE
United States District Judge